UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSEPHINE HERRSCHAFT and THOMAS
HERRSCHAFT,

                    Plaintiffs,                        REPORT AND
                                             RECOMMENDATION

               -against-                       No. 21-CV-5618-PKC-JRC

NATIONAL TRANSPORTATION, INC.,

                    Defendant.
-------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

      In this diversity action, plaintiffs Josephine Herrschaft and Thomas Herrschaft

(collectively, "plaintiffs") allege that defendant National Transportation, Inc. ("NTI" or

"defendant") failed to make payments due and owing under a promissory note executed in

September 2019. *See generally* Verified Complaint ("Compl."), Dkt. 1-1. Pending before this

Court, on a referral from the Honorable Pamela K. Chen, is plaintiffs' motion for default

judgment against NTI. *See* Notice of Motion for Default Judgment, Dkt. 21. For the reasons

set forth below, this Court respectfully recommends granting plaintiffs' motion for default

judgment against NTI, and awarding plaintiffs $500,000 in unpaid principal, and interest on the

unpaid principal, calculated at eight percent per annum, in the amount of $23,333.38.

## I.    Factual Background

      On or about September 30, 2019, defendant executed and delivered to plaintiffs a

promissory note (the "Promissory Note") through which it acknowledged that it was indebted to

plaintiffs in the principal sum of $500,000, plus interest to accrue from September 30, 2019 at

the rate of eight percent per annum. *See* Compl. ¶ 4; Promissory Note ¶ 1(b), attached as Ex. A

to the Affidavit of Josephine Herrschaft in Support of Motion for Judgment By Default

("Herrschaft Aff."), Dkt. 21-8.[1]   According to the terms of the Promissory Note, regular monthly interest only payments were due on or before the 10th of the month for the previous month.   *See* Compl. ¶¶ 5, 6; Promissory Note ¶ 1(b).   The Promissory Note was due to mature on the 37th month following the effective date of the Promissory Note.   *See* Compl. ¶ 7; Promissory Note ¶ 1(b).   The Promissory Note specifies a number of default events, including the failure to timely pay any unpaid accrued interest or principal on the day it becomes due and payable.   *See* Compl. ¶ 12; Promissory Note ¶ 4(b).   Pursuant to paragraph 4(a) of the Promissory Note, upon an event of default, plaintiffs have the right to declare all of the sums owed under the Promissory Note immediately due and payable.   *See* Compl. ¶ 9; Promissory Note ¶ 4(a).

Defendant failed to make timely payments to plaintiffs which were due on March 10, 2020, June 10, 2020, July 10, 2020, November 10, 2020, December 10, 2020, January 10, 2021[2] and April 10, 2021.   *See* Compl. ¶ 13.   Defendant again defaulted on the Promissory Note by failing to make its monthly interest payment due on August 10, 2021.   *See id.* ¶ 15; Herrschaft Aff. ¶ 5, Dkt. 21-7.   On August 18, 2021, plaintiffs issued a notice of default and election to accelerate the balance due and owing under the Promissory Note.   *See* Compl. ¶ 17; Herrschaft Aff. ¶ 5; Ex. B to Herrschaft Aff., Dkt. 21-9 ("Notice of Default").   After receiving plaintiffs' notice of default and acceleration, defendant made a number of interest payments.   *See* Compl. ¶ 18; Ex. C to Herrschaft Aff., Dkt. 21-10 (record of payments made).   Thereafter, plaintiffs issued a reservation of rights letter accepting defendant's payment without waiving the events of

---

[1] The terms of the Promissory Note also provided plaintiffs with an option to convert the loan into a 16 percent equity interest in NTI.   *See* Herrschaft Aff. ¶ 3.

[2] The Court assumes that the Complaint's reference to "January 1, 2021" is a typographical error.   *See* Compl. ¶ 13.

default or plaintiffs' acceleration of the loan balance.   *See* Compl. ¶ 19.

Plaintiff Josephine Herrschaft avers that defendant owes $523,333.38 in principal and interest.   *See* Herrschaft Aff. ¶ 6.   Although Ms. Herrschaft does not describe how she calculated the outstanding interest due, in plaintiffs' memorandum of law, they clarify that their calculation is based on missed interest payments for March 2022 through September 2022.   *See* Plaintiffs' Brief in Support of Their Motion for Judgment by Default ("Pls.' Br.") at 3, Dkt. 21-1. Further, Ms. Herrschaft submitted bank transaction confirmations demonstrating that defendant made interest payments in the amount of $3,333.34, for the period July 2020 to October 2020 and May 2021 to February 2022.   *See* Ex. C to Herrschaft Aff., Dkt. 21-10 at ECF pages 2-11.[3]

## II.   Procedural Background

On or about September 9, 2021, plaintiffs commenced this action in the Supreme Court of the State of New York, County of Nassau.   *See* Notice of Removal ¶ 2, Dkt. 1.   On October 8, 2021, defendant removed the state court action to this Court on the basis of federal diversity jurisdiction.   *See id.* at ECF page 1.   On October 15, 2021, defendant filed an Answer.   *See* Answer, Dkt. 5.

On March 11, 2022, counsel for defendant advised that NTI had filed a Chapter 11 bankruptcy petition in the District of Nevada on February 10, 2022.   *See* Notice of Bankruptcy Filing, Dkt. 10.   On June 21, 2022, counsel for defendant notified the Court of the dismissal of NTI's bankruptcy petition.   *See* Notice of Dismissal of Bankruptcy Action, Dkt. 12.

On September 9, 2022, counsel for defendant filed a motion to withdraw due to a complete breakdown in communications with defendant and non-payment of legal fees.   *See*

---

[3] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

Motion for Leave to Withdraw as Counsel, Dkt. 14.   By Order dated October 3, 2022, United

States Magistrate Judge James M. Wicks, who is the magistrate judge assigned to a related case,

*Gold Coast Transportation Service LLC, et al. v. NTI-NY, Inc., et al.*, No. 2:21-CV-05396,

granted counsel's motion to withdraw in both cases and stayed the proceedings until October 31,

2022 to allow defendant an opportunity to retain new counsel.   *See* Order dated October 3, 2022.

Judge Wicks also warned defendant that a corporate defendant cannot proceed in a federal court

*pro se*.   *See id.*

 Following defendant's failure to appear through counsel by the Court-imposed deadline,

plaintiffs requested entry of default, which was entered by the Clerk.   *See* Request for

Certificate of Default, Dkt. 18; Clerk's Entry of Default, Dkt. 19.   The instant motion for default

judgment followed.

**III.    Discussion**

 **A.    Default Judgment Standard**

 Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment.

The Rule sets forth a two-step process for entry of a default judgment.   *See Enron Oil Corp. v.

Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).   First, the Clerk of Court enters the default

pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.   *See

id.*; *see also* Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default").   This first step is

nondiscretionary.   *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).   Second,

after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise

move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed. R. Civ. P. 55(a), (b)(2).

In this case, the Clerk noted defendant's default on November 10, 2022.  *See* Clerk's Entry of Default, Dkt. 19.  Defendant has neither responded to the Clerk's Entry of Default, nor to plaintiffs' motion for default judgment.  As defendant was previously warned, corporate defendants are not permitted to proceed *pro se* in federal court.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007).  Accordingly, defendant's failure to retain new counsel provides a proper basis for entering default against it.  *See Trs. of Loc. 807 Lab.-Mgmt. Pension Fund v. Showtime on the Piers, LLC*, No. 21-CV-3677, 2023 WL 2969298, at *3 (E.D.N.Y. Mar. 6, 2023); *Trs. of Bldg. Trades Educ. Benefit Fund v. Romero Electric LLC*, No. 19-CV-3515, 2021 WL 3604811, at *4 (E.D.N.Y. July 19, 2021), *report and recommendation adopted*, 2021 WL 3603613 (E.D.N.Y. Aug. 13, 2021).

If a defendant defaults and the plaintiff moves for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).  Additionally, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Nevertheless, a default does not establish "that the alleged facts constitute a valid cause of action."  *TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (internal quotation marks and citation omitted).  A pleading's legal conclusions are not assumed to be true, and, on a motion for default judgment, the factual allegations in the complaint must

themselves be sufficient to establish a right to relief.  *See Romanowicz*, 577 F.3d at 84 (district

court is "required to determine whether the [plaintiff's] allegations establish [defendant's]

liability as a matter of law"); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)

("A district court need not agree that the alleged facts constitute a valid cause of action.").

"Thus, a defendant's default does no more than concede the complaint's well-pleaded factual

allegations; it remains the plaintiffs' burden to demonstrate that those uncontroverted allegations,

without more, establish the defendant's liability on each asserted cause of action."  *Mateo v.*

*Universal Language Corp.*, No. 13-CV-2495, 2015 WL 5655689, at *4 (E.D.N.Y. Sept. 4,

2015), *report and recommendation adopted*, 2015 WL 5664498 (E.D.N.Y. Sept. 24, 2015).  "If

the elements of the claim are established by the complaint's factual allegations, the defendant's

default establishes its liability."  *See L.G. Cap. Funding, LLC v. Wowio, Inc.*, No. 16-CV-6632,

2018 WL 3202077, at *8 (E.D.N.Y. Apr. 24, 2018) (citation omitted).

 In the Complaint, plaintiffs raise three causes of action concerning alleged non-

compliance with the terms of the Promissory Note, including a breach of contract claim as set

forth in the First Cause of Action.   Compl. ¶¶ 29-34.   In plaintiffs' Second Cause of Action,

plaintiffs allege that defendant failed to "remit" payment "despite a demand for payment . . . ."

*Id.* ¶ 36.   In plaintiff's Third Cause of Action, plaintiffs allege that "[d]efendant is indebted to

the Plaintiffs" because defendant has "failed to make payment to Plaintiffs as promised under the

Note despite Plaintiffs' demand."  *Id.* ¶¶ 38, 39.

 **B.** **Choice of Law**

 As a preliminary matter, although plaintiffs exclusively rely on the application of New

York law, the Promissory Note itself provides that it is "governed by and construed under the

laws of the State of Nevada, as applied to agreements among Nevada residents, made and to be

performed entirely within the State of Nevada, without giving effect to conflicts of laws principles." Promissory Note ¶ 5(i).

Here, however, plaintiffs do not address choice of law in their papers, nor has defendant, by virtue of its default. In similar circumstances, courts in this circuit have applied the law of the forum state where the parties have failed to address the issue and also cited exclusively to the forum state's laws. *See Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, No. 20-CV-1281, 2022 WL 3703955, at *8 (E.D.N.Y. Aug. 26, 2022) (applying New York law rather than contract's choice of law provision), *report and recommendation adopted*, 2022 WL 4813505 (E.D.N.Y. Oct. 3, 2022); *Pogodin v. Cryptorion Inc.*, No. 18-CV-791, 2020 WL 13581660, at *5 n.4 (E.D.N.Y. Sept. 17, 2020) (on motion for default judgment, applying New York law despite California choice-of-law provision in promissory note), *report and recommendation adopted*, Order (E.D.N.Y. Oct. 13, 2020); *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362, 2012 WL 4472025, at *5 (E.D.N.Y. Sept. 25, 2012) (collecting cases) (applying New York law "despite the [contracts'] Virginia choice-of-law provisions"). Accordingly, since plaintiffs do not address the choice of law issue and exclusively cite New York law, the Court applies New York law to plaintiffs' breach of contract claim. *See, e.g., Ally Fin.*, 2022 WL 3703955, at *8; *Pogodin*, 2020 WL 13581660, at *5 n.4; *Jin Young Chung v. Yoko Sano*, No. 10-CV-2301, 2011 WL 1303292, at *7 (E.D.N.Y. Feb. 25, 2011) (applying New York law where plaintiff "ha[d] not taken any position" on choice of law and defendant had defaulted), *adopted sub nom. Jin Yung Chung v. Sano*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011).

In any event, because the requirements of a breach of contract claim under the laws of both jurisdictions are substantially similar, the Court is persuaded that there is no substantive conflict between Nevada and New York law. Absent such a conflict, a choice-of-law analysis is

not required and the Court applies New York law, even though the Promissory Note contains a choice-of-law provision.  *See Master Group Glob. Co., Ltd. v. Toner.Com Inc.*, No. 19-CV-6648, 2020 WL 5260581, at *7 (E.D.N.Y. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5259057 (E.D.N.Y. Sept. 3, 2020); *see also BASF Corp. v. Prime Auto Collision Inc.*, No. 20-CV-4797, 2022 WL 704127, at *4 (E.D.N.Y. Mar. 9, 2022) (applying New York law to breach of contract claim rather than choice-of-law provision in the absence of conflict).   Indeed, the elements of breach of contract are the same in New York and Nevada.   *See Herman v. Duncan*, No. 17-CV-3325, 2019 WL 2137335, at *5 n.9 (S.D.N.Y. May 16, 2019). Accordingly, this Court finds no conflict-of-law with respect to plaintiffs' breach of contract claim, and applies New York law in evaluating the elements of this claim for this additional reason.

### C.    Breach of Contract Under New York Law

"A promissory note is a contract and is thus construed according to general rules of contract interpretation."  *Wowio*, 2018 WL 3202077, at *8 (internal quotation marks and citation omitted).   "To state a claim for breach of contract under New York law, 'the complaint must allege:   [1] the formation of a contract between the parties; [2] performance by the plaintiff; [3] failure of [the] defendant to perform; and [4] damages.'"   *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).   "[T]o establish a *prima facie* case of default on a promissory note under New York law, a plaintiff must provide proof of the valid note and of the defendant's failure, despite proper demand, to make payment."   *Wowio*, 2018 WL 3202077, at *8 (internal quotation marks and citation omitted); *accord LG Cap. Funding, LLC v. Ubiquity, Inc.*, No. 16-CV-3102, 2017 WL 3173016, at *2 (E.D.N.Y. May 12, 2017) (internal quotation marks and citation omitted), *report*

*and recommendation adopted*, 2017 WL 3168961 (E.D.N.Y. July 25, 2017).

Here, the well-pled allegations in the Complaint, accepted as true, establish defendant's liability for breach of contract.   First, the parties entered into an enforceable agreement on September 30, 2019, when defendant executed and delivered to plaintiffs the Promissory Note, in which defendant acknowledged its indebtedness to plaintiffs.   *See* Compl. ¶ 4.   Second, having been extended a loan by plaintiffs, defendant failed to perform its obligation under the Promissory Note.   *See id.* ¶¶ 13-16.   On August 18, 2021, plaintiffs issued a Notice of Default and elected to accelerate the full balance due under the Promissory Note.   *See* Compl. ¶ 17; Notice of Default, Dkt. 21-9.   Although defendant made subsequent payments to plaintiffs in response to the Notice of Default, defendant did not cure the event of default or pay the balance due and owing under the Promissory Note.   *See* Compl. ¶¶ 20, 23, 26, 27.   In addition, the maturity date of the Promissory Note has expired.   *See id.* ¶ 7.   Finally, the pleading alleges that as a result of that breach, plaintiffs suffered losses reflected in the principal amount due on the Promissory Note, plus contractual interest.   *See id.* ¶¶ 23-24, 28.

Having pled each element of the First Cause of Action, plaintiffs have established their claim for breach of contract under New York law.   The Court, therefore, concludes that plaintiffs have properly alleged a breach of contract claim based on defendant's failure to pay outstanding principal and interest in response to plaintiffs' demand for full payment on the Promissory Note and the Promissory Note having reached its maturity date.

Plaintiffs also bring two additional causes of action seeking the same damages as their breach of contract claim.   *See* Compl. ¶¶ 35-39.   However, plaintiffs address only their breach of contract claim in their motion papers.   *See* Pls.' Br. at 7-9.   Accordingly, the Court deems plaintiffs' Second and Third Causes of Action abandoned.   *See Payamps v. M & M Convenience*

*Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *3 n.3 (E.D.N.Y. Dec. 9, 2019) (on motion for default judgment, deeming cause of action abandoned where plaintiff failed to address it in motion); *Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85, 2019 WL 885930, at *3 (E.D.N.Y. Feb. 22, 2019) (on default judgment motion, finding claim for injunctive relief abandoned because plaintiff did not request such relief in its motion for default judgment).

In any event, plaintiffs' Second and Third Causes of Action arise from the same facts and seek the same relief as their breach of contract claim.  "[C]laims are duplicative of one another if they arise from the same facts and do not allege distinct damages."  *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (citations, quotation marks, and ellipses omitted).  "Where a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed."  *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 511 (2d Cir. 1994) (citations omitted).  Therefore, this Court respectfully recommends that plaintiffs' motion for default judgment be denied with respect to the Second and Third Causes of Action and those claims dismissed as duplicative of plaintiffs' breach of contract claim.  *See Serrano v. Palacios*, No. 21-CV-980, 2022 WL 2134293, at *8 (E.D.N.Y. May 20, 2022), *report and recommendation adopted*, 2022 WL 2132951 (E.D.N.Y. June 14, 2022); *Nedspice US Inc. v. Castella Imports, Inc.*, No. 20-CV-1802, 2020 WL 6785335, at *4 (E.D.N.Y. Oct. 22, 2020), *report and recommendation adopted*, 2020 WL 6784178 (E.D.N.Y. Nov. 18, 2020).

### D.    Damages

Having found that the Complaint properly alleges defendant's liability for breach of contract, the Court must now assess the damages to which plaintiffs are entitled on their claim. Even though allegations in a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not.  *See Greyhound Exhibitgroup*, 973

F.2d at 158.   "Rather, a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded."   *See Nimkoff v. Drabinsky*, No. 17-CV-4458, 2020 WL 3806146, at *6 (E.D.N.Y. June 9, 2020), *report and recommendation adopted*, 2020 WL 3804458 (E.D.N.Y. July 7, 2020).   A court may determine the adequacy of the basis for damages based upon evidence presented at a hearing, but a hearing is not required.   *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). No hearing is necessary, for example, where the court is satisfied, based "upon a review of detailed affidavits and documentary evidence," that there is an adequate basis for the damages sought.   *See Fustok*, 873 F.2d at 40; *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015).   Here, in light of the documentary evidence submitted in support of plaintiffs' motion, and because the damage calculations are relatively simple, this Court concludes that no hearing is necessary.

Under New York law, it is well-settled that "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms."   *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)). In this case, the Promissory Note provides for regular monthly payments of interest only for 36 months, from September 30, 2019, at the rate of eight percent (8%) per annum, and repayment of the principal amount of $500,000 on the maturity date, unless accelerated sooner due to an event of default.   *See* Promissory Note at 1-2.   On August 18, 2021, plaintiffs' counsel sent a notice of default to defendant accelerating the debt and demanding full payment under the Promissory Note, but plaintiffs received only partial payment from defendant.   *See* Herrschaft Aff. ¶¶ 5, 6.

11

Based on the evidence submitted, defendant thereby defaulted on its obligation to repay the principal amount owed, plus all accrued interest at the rate of 8 percent per annum.   Crediting defendant for the interest payments that were made, the outstanding interest due for March 2022 through September 2022 is $23,333.38.   *See id.*

Accordingly, the Court respectfully recommends awarding plaintiffs $500,000 in unpaid principal, plus unpaid interest in the amount of $23,333.38, for a total of $523,333.38.[4]

### Conclusion

For the foregoing reasons, this Court respectfully recommends granting plaintiffs' motion for default judgment against National Transportation, Inc. on its breach of contract claim (First Cause of Action) and awarding plaintiffs **$500,000** in unpaid principal, and interest on the unpaid principal calculated at eight percent per annum in the amount of **$23,333.38**.   The Court further recommends that plaintiffs' motion for default judgment be denied with respect to the Second and Third Causes of Action and those claims dismissed as duplicative of plaintiffs' breach of contract claim.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiffs' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendant and to file proof of service on ECF by **August 7, 2023**.   Any objections to the recommendations made in this Report must be filed with the Honorable Pamela K. Chen within 14 days after the filing of this Report and Recommendation and, in any event, on or before **August 16, 2023**.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).   Failure to file timely objections may waive the right to appeal the District Court's

---

[4] Although the Complaint requests attorneys' fees, the pending motion for default judgment neither seeks attorneys' fees, nor provides any documentation to substantiate such a request.

order.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

   **SO ORDERED**

Dated:  Brooklyn, New York
        August 2, 2023

                        s/ James R. Cho
                        James R. Cho
                        United States Magistrate Judge